IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SECURITIZE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| TZERO GROUP, INC. and TZERO IP, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT
OF NON-INFRINGEMENT**

Plaintiff Securitize, Inc. ("Securitize") alleges for its Complaint for declaratory judgment

relief against Defendants tZERO Group, Inc. and tZERO IP, LLC (collectively, "tZERO") as

follows:

1. Securitize is the leader in real-world asset tokenization, bridging traditional and

decentralized finance with institutional-grade infrastructure. Founded in 2017, Securitize was

built on the belief that the blockchain could bring greater automation, transparency, and liquidity

to alternative asset classes. Securitize's business has been tremendously successful. Today, it

services roughly 650 funds and oversees more than $4 billion in tokenized assets.

2. tZERO purports to bring every asset on-chain and enable access to tokenized

assets via its alternative trading system (ATS). But its business is failing. In December 2025,

tZERO publicly acknowledged that it had not been able to utilize blockchain technology for

securities trading on its ATS and that it had accumulated a deficit over $280,000,000 without

generating any meaningful revenue from blockchain-based applications in return. That year,

tZERO's largest equity owner announced that it "was puzzled and increasingly frustrated by the

lack of visible progress in the business" and called for "real change," including by taking

advantage of tZERO's "intellectual property and patents."[1]  Just three days later, tZERO announced the appointment of its former Chief Legal Officer, Alan Konevsky, as its new CEO, and he vowed to "deliver aggressively, and with urgency."[2]  Mr. Konevsky then announced that tZERO looked forward to "aggressively identifying" opportunities where its intellectual property rights may be monetized or otherwise enforced.[3]

3.      As part of that initiative, tZERO's outside litigation counsel sent a letter dated June 15, 2026 to Securitize alleging infringement of U.S. Patent Nos. 11,216,802 ("the '802 Patent") and 11,394,560 ("the '560 Patent") (collectively, the "Asserted Patents").  tZERO then issued a press release providing "an Update on its IP Portfolio Enforcement," noting its letter to Securitize and its assertion that Securitize infringes the Asserted Patents.[4]

4.      But Securitize does not infringe the Asserted Patents.  Rather, tZERO's enforcement actions appear to be nothing more than the culmination of its shareholder's call, not to succeed in the marketplace, but to target those that have had success with meritless patent claims.  Accordingly, Securitize brings this action for declaratory judgment of non-infringement.

**NATURE OF THE ACTION**

5.      This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

---

[1] https://www.businesswire.com/news/home/20250902868781/en/Bed-Bath-Beyond-Inc.-Requests-tZERO-Board-of-Directors-Replace-tZERO-CEO

[2] https://www.tzero.com/news/tzero-announces-leadership-transition

[3] https://www.tzero.com/news/tzero-highlights-key-patents-powering-the-architecture-of-regulated-tokenized-securities-markets

[4] https://www.tzero.com/news/tzero-provides-update-on-its-ip-portfolio-enforcement-and-highlights-additional-patented

**THE PARTIES**

6.      Securitize, Inc. is a corporation organized and existing under the laws of the State of Delaware with headquarters at 78 SW 7th Street, Suite 500, Miami, FL 33130.

7.      On information and belief, tZERO Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 525 Washington Boulevard, Suite 300, Jersey City, NJ 07310.  tZERO Group, Inc. may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

8.      On information and belief, tZERO IP, LLC is a wholly owned subsidiary of tZERO Group organized and existing under the laws of the State of Delaware.  On information and belief, tZERO IP, LLC shares the same offices as tZERO Group, Inc.  tZERO IP, LLC may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10.      This Court has personal jurisdiction over tZERO Group, Inc. because it (1) is a corporation organized and existing under the laws of this State; (2) maintains a registered agent for service of process in this State; and (3) directed its patent enforcement activities to this State by sending its enforcement letter to the Delaware registered agent of Securitize, which is itself incorporated in this State.

11.      This Court has personal jurisdiction over tZERO IP, LLC because it (1) is an LLC organized and existing under the laws of this State; (2) maintains a registered agent for service of

process in this State; (3) is wholly owned by tZERO Group, Inc., which is itself incorporated in this State; and (4) directed its patent enforcement activities to this State by sending its enforcement letter to the Delaware registered agent of Securitize, which is itself incorporated in this State.

12.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)–(c) and 28 U.S.C. § 1400(b).

**EXISTENCE OF AN ACTUAL CONTROVERSY**

13.     Plaintiff realleges and incorporates by reference each of Paragraphs 1–12 above.

14.     This Court has subject matter jurisdiction over Plaintiff's declaratory judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202 because an immediate and substantial controversy exists between Plaintiff and Defendants.

15.     On June 15, 2026, Securitize's registered agent in Delaware received a letter from tZERO's outside litigation counsel regarding "tZERO's Enforcement of Patent Rights."[5]  The letter asserted that "Securitize's product and platform offerings, including at least Securitize's DS Protocol and Vault Registrar, infringe tZERO's patents, including [the '802 and '560 Patents]."  The letter attached claim charts purporting to "show Securitize's infringement of the '802 patent (claims 1, 3, 4, 5) and the '560 patent (claim 1)."  The claim chart for the '802 Patent purports to map claims 1, 3, 4, and 5 to Securitize's DS Protocol, whereas the claim chart for the '560 Patent purports to map claim 1 to Securitize's Vault Registrar.  tZERO's letter further states that "Securitize's continued infringement of tZERO's patents constitutes willful infringement."  tZERO's letter demanded that Securitize "immediately cease and desist from making, using,

---

[5] tZERO's outside litigation counsel emailed a courtesy copy of the letter to Securitize on Friday evening, June 12, 2026.

offering to sell, selling, marketing, distributing, or otherwise commercializing its products and/or services that infringe tZERO's patents, namely its DS Protocol and Vault Registrar" and that Securitize provide a "prompt response, but in any event not later than June 18, 2026." tZERO's letter stated that "tZERO reserves all rights … to seek all remedies available under law, including injunctive relief and monetary damages."

16. Also on June 15, 2026, tZERO issued a press release to "Provide[] an Update on its IP Portfolio Enforcement." tZERO's press release announced that "tZERO has determined that certain products and services of Securitize, Inc., including their DS protocol and Vault Registrar, infringe certain tZERO patents." Like the letter, the press release specifically accused Securitize of infringing the '802 and '560 Patents.

17. Accordingly, tZERO's actions have made clear that it intends to enforce the Asserted Patents against Securitize. tZERO's actions have created a substantial, definite, concrete, and immediate justiciable controversy between Securitize and tZERO over whether Securitize's DS Protocol and Vault Registrar infringe the Asserted Patents.

18. Absent a declaration of non-infringement or invalidity, tZERO will continue to wrongfully allege that Securitize infringes the Asserted Patents and thereby cause Securitize irreparable injury and damage.

### THE ASSERTED PATENTS

19. The '802 Patent is titled "Self-enforcing security token implementing smart-contract-based compliance rules consulting smart-contract-based global registry of investors." The '802 Patent lists as its inventors Scott Overholser of Salt Lake City, Utah; Robert Christensen of Sandy, Utah; Nicole Sanders of Cottonwood Heights, Utah; Justin Wilson of Draper, Utah; Robert Valmassoi of New York, New York; Chase Lester of West Jordan, Utah;

5

and Michael William Stuart Smith of Provo, Utah.  A true and correct copy of the '802 Patent is attached as Exhibit A.

20.     The original assignee of the '802 Patent identified on the patent's face is tZERO IP, LLC.  On information and belief, tZERO IP, LLC is the current owner by assignment of all right, title, and interest in the '802 Patent.

21.     The '560 Patent is titled "Crypto integration platform."  The '560 Patent lists as its inventors Alec Wilkins of Salt Lake City, Utah; Eric Nathaniel Fish of Salt Lake City, Utah; Trent Norman Larson of Bountiful, Utah; and Patrick M. Byrne of Salt Lake City, Utah.  A true and correct copy of the '560 Patent is attached as Exhibit B.

22.     The original assignee of the '560 Patent identified on the patent's face is tZERO IP, LLC.  On information and belief, tZERO IP, LLC is the current owner by assignment of all right, title, and interest in the '560 Patent.

## CAUSES OF ACTION

### COUNT ONE
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,216,802)

23.     Plaintiff realleges and incorporates by reference each of Paragraphs 1–22 above.

24.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

25.     A judicial declaration is necessary and appropriate so that Securitize may ascertain its rights regarding the '802 Patent.

26.     tZERO has accused Securitize of activities that it claims infringe the '802 Patent.

27.     Securitize does not infringe and has not infringed, either literally or under the doctrine of equivalents, either directly or indirectly, any claim of the '802 patent.

6

28.     For example, the on-chain register kept by a Registry Service that tZERO alleges is a "global registry" contains only certain information about investors.  The register does not contain information about an offering of any security token.  The register also does not contain a personally identifiable information (PII) hash for an investor.  Accordingly, the DS Protocol accused of infringement in the chart attached to tZERO's June 15, 2026 letter does not infringe at least because it does not meet the claim limitations requiring a "global registry" comprising at least one indication of "whether an offering of the security token qualifies under Securities and Exchange Commission (SEC) Regulation A," "whether the offering of the security token qualifies under SEC Regulation S," and "at least one personally identifiable information (PIT) [sic] hash for each of at least one investor associated with the transfer of the security token."

29.     Securitize is thus entitled to a declaratory judgment that it has not infringed and does not infringe, the '802 Patent.

### COUNT TWO
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,394,560)

30.     Plaintiff realleges and incorporates by reference each of Paragraphs 1–22 above.

31.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

32.     A judicial declaration is necessary and appropriate so that Securitize may ascertain its rights regarding the '560 Patent.

33.     tZERO has accused Securitize of activities that it claims infringe the '560 Patent.

34.     Securitize does not infringe and has not infringed, either literally or under the doctrine of equivalents, either directly or indirectly, any claim of the '560 patent.

7

35. For example, the accused Vault Registrar performs the limited function of registering vaults to an investor's identity. It does not handle orders to execute trades. It also does not cryptographically sign transactions that transfer transactional items between accounts. As a result, the Vault Registrar accused of infringement in the chart attached to tZERO's June 15, 2026 letter does not infringe at least because it does not meet the claim limitations requiring at least one processor configured to "receive an order to execute a trade," "cryptographically sign, using a cryptographic key, a first transaction to transfer the at least one transactional item from the first account to the second account," "cryptographically sign, using the cryptographic key, a second transaction that includes the order," and "authorize placement of the order on an exchange if the first transaction and the second transaction were both cryptographically signed using the cryptographic key."

36. Securitize is thus entitled to a declaratory judgment that it has not infringed and does not infringe, the '560 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor and prays for:

(a) A judgment and declaration that Securitize has not infringed and does not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any claim of U.S. Patent No. 11,216,802;

(b) A judgment and declaration that Securitize has not infringed and does not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any claim of U.S. Patent No. 11,394,560;

(c) An injunction against tZERO and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with tZERO from alleging, charging, or asserting

infringement, or instituting, or continuing any legal or administrative action alleging infringement of the Asserted Patents, against Securitize, or anyone acting in privity with Securitize, including the divisions, successors, assigns, agents, suppliers, manufacturers, contractors, and customers of Securitize;

(d) A judgment and declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Securitize to an award of its reasonable attorneys' fees, expenses, and costs in this action;

(e) An award to Securitize of its costs, attorneys' fees, and reasonable expenses of litigation to the fullest extent permitted by law; and

(f) A judgment for such other and further relief in law or in equity as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Securitize hereby demands a trial by jury on all issues so triable.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Rodger D. Smith II* |
| OF COUNSEL: |  |
|  | Rodger D. Smith II (#3778) |
| David J. Lisson | Anthony D. Raucci (#5948) |
| Micah G. Block | 1201 North Market Street |
| DAVIS POLK & WARDWELL LLP | P.O. Box 1347 |
| 900 Middlefield Road, Suite 200 | Wilmington, DE  19899 |
| Redwood City, CA 94063 | (302) 658-9200 |
| (650) 752-2000 | rsmith@morrisnichols.com |
|  | araucci@morrisnichols.com |
| June 22, 2026 | *Attorneys for Plaintiff* |

9