IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SECURITIZE, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-722 (GBW) |
| | ) | |
| TZERO GROUP, INC. and TZERO IP, LLC, | ) | |
| | ) | |
| Defendants/Counterlcaim-Plaintiff. | ) | |

**PLAINTIFF AND COUNTERCLAIM DEFENDANT SECURITIZE, INC.'S
OPPOSITION TO TZERO GROUP, INC.'S MOTION TO DISMISS COMPLAINT FOR
<u>DECLARATORY JUDGMENT</u>**

OF COUNSEL:

David J. Lisson
Micah G. Block
Thomas C. Horn
Natalie J. Stoecklein
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, CA 94063
(650) 752-2000

Zhikun (David) Jiang
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

July 17, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff/Counterclaim-Defendant Securitize, Inc.*

TABLE OF CONTENTS

Page

I.     INTRODUCTION ........................................................................................................ 1

II.    NATURE AND STAGE OF PROCEEDINGS .................................................... 1

III.   SUMMARY OF THE ARGUMENT ...................................................................... 2

IV.    STATEMENT OF FACTS ......................................................................................... 2

V.     LEGAL STANDARD................................................................................................. 4

VI.    ARGUMENT ................................................................................................................ 5

VII.   CONCLUSION............................................................................................................ 7

i

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arris Group, Inc. v. British Telecommunications PLC*,
    639 F.3d 1368 (Fed. Cir. 2011) ...................................................................................... 6

*Connelly v. Lane Const. Corp.*,
    809 F.3d 780 (3d Cir. 2016) ........................................................................................... 4

*Draeger Medical Sys., Inc. v. My Health, Inc.*,
    2016 WL 859282 (D. Del. 2016) .................................................................................... 6

*First Data Corp. v. Inselberg*,
    870 F.3d 1367 (Fed. Cir. 2017) ................................................................................... 6, 7

*Hewlett Packard Enter. Co. v. Intell. Ventures I LLC*,
    2022 WL 17403485 (D. Del. Dec. 2, 2022) .................................................................. 6

*Hewlett-Packard Co. v. Acceleron LLC*,
    587 F.3d 1358 (Fed. Cir. 2009) ................................................................................... 5, 6

*In re Asbestos Prods. Liab. Litig.*,
    822 F.3d 125 (3d Cir. 2016) ........................................................................................... 4

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ..................................................................................................... 5, 6

*Microsoft Corp. v. DataTern, Inc.*,
    755 F.3d 899 (Fed. Cir. 2014) ........................................................................................ 6

*Nat'l Rifle Ass'n of Am. v. Vullo*,
    602 U.S. 175 (2024) ........................................................................................................ 4

*New Jersey Physicians, Inc. v. President of U.S.*,
    653 F.3d 234 (3d Cir. 2011) ........................................................................................... 7

## I.      INTRODUCTION

*tZERO Group*, through its attorney, sent Securitize a cease-and-desist letter alleging that *tZERO Group* is the owner of the Patents-in-Suit, that Securitize infringes those patents, and that *tZERO Group* reserved all rights to seek injunctive relief and monetary damages. Ex. 1.[1] *tZERO Group* then issued a press release regarding "its IP Portfolio" that publicly announced that it had determined that Securitize products infringe its Patents-in-Suit and that it had sent a cease-and-desist and reservation-of-rights letter to Securitize. Ex. 2 at 1-2. Those actions are more than sufficient to establish a case or controversy between tZERO Group and Securitize.

After filing its motion to dismiss, tZERO Group declined to agree to be subject to any rulings this Court may issue concerning the Patents-in-Suit should tZERO Group be dismissed from the case, including any injunction prohibiting it from attempting to enforce the patents against Securitize. Yet tZERO Group is not permitted to assert that Securitize infringes *its* patents while, at the same time, asking this Court to accept—before discovery and without any evidentiary showing—its contrary representation that it has no rights in those same patents and should not be subject to this Court's declaratory judgment jurisdiction. Accordingly, tZERO Group's motion to dismiss should be denied.

## II.     NATURE AND STAGE OF PROCEEDINGS

On June 22, 2026, Securitize filed its Complaint for Declaratory Judgment of Non-Infringement against tZERO Group and tZERO IP. D.I. 1. On June 26, 2026, tZERO IP filed its Answer and Counterclaims. D.I. 6. That same day, tZERO Group moved to dismiss for failure to state a claim against tZERO Group. D.I. 9. Securitize opposes tZERO Group's motion.

---

[1] This motion uses the following abbreviations:  Plaintiff-Counterclaim Defendant Securitize, Inc. ("Securitize"); Defendant tZERO Group, Inc. ("tZERO Group"); Defendant-Counterclaimant tZERO IP, LLC ("tZERO IP"); U.S. Patent No. 11,216,802 ("the '802 Patent") and U.S. Patent No. 11,394,560 ("the '560 Patent") (collectively, the "Patents-in-Suit").

### III.    SUMMARY OF THE ARGUMENT

tZERO Group's motion to dismiss should be denied because tZERO Group's actions in purporting to enforce the Patents-in-Suit have created a substantial controversy between tZERO Group and Securitize.

### IV.    STATEMENT OF FACTS

Securitize is the leader in real-world asset tokenization, bridging traditional and decentralized finance with institutional-grade infrastructure. D.I. 1 ¶ 1. tZERO Group purports to be a leader in blockchain-based financial infrastructure that has developed an "intellectual property portfolio in the tokenization industry." Ex. 2 at 2. tZERO IP appears to be a subsidiary of tZERO Group. D.I. 1 ¶ 8.

On June 15, 2026, tZERO Group, through its counsel, sent a letter to Securitize alleging infringement of the Patents-in-Suit. D.I. 1 ¶ 15. The letter's subject line is "tZERO's Enforcement of Patent Rights." Ex. 1 at 1. The letter started by noting that the counsel's "firm represents *tZERO Group* . . . in connection with *its* intellectual property rights." *Id.* (emphasis added). The letter goes on to state that "tZERO . . . is the owner of several United States patents," including the Patents-in-Suit. *Id.* The letter then asserted that Securitize's product and platform offerings "infringe tZERO's patents," including the Patents-in-Suit. *Id.* It stated that continued infringement of "tZERO's patents" constituted willful infringement and that tZERO requested that Securitize "immediately cease and desist" any infringement of "tZERO's patents." *Id.* at 1-2. The letter concluded that "tZERO reserves all rights…to seek all remedies available under law, including injunctive relief and monetary damages." *Id.* at 2. The letter never mentioned tZERO IP. *See id.* at 1-2.

That same day, tZERO Group issued a press release titled "tZERO Provides an Update on its IP Portfolio Enforcement and Highlights Additional Patented Inventions Supporting the

Evolution of Tokenized Capital Markets." D.I. 1 ¶¶ 3, 16. The press release stated that "**tZERO Group**, Inc., a leader in blockchain-based financial infrastructure since 2014, today provided an update on enforcement actions it has recently taken as part of its on-going strategic review of **its** intellectual property assets." Ex. 2 at 1 (emphasis added). The press release announced that "tZERO has determined that certain products and services of Securitize, Inc…infringe certain tZERO patents," and specifically identified the Patents-in-Suit. Ex. 2 at 2. A footer after the "end" of the press release stated that "Intellectual property holding company tZERO IP, LLC is a wholly owned subsidiary of tZERO Group, Inc" and that "tZERO IP, LLC owns intellectual property, which **may** include any described patents." Ex. 2 at 3 (emphasis added). However, it nowhere stated that tZERO IP actually owned any of the patents mentioned in the press release, let alone the Patents-in-Suit.

Securitize does not infringe the Patents-in-Suit, and it therefore filed a Complaint for Declaratory Judgment of Non-Infringement on June 22, 2026. D.I. 1. Because tZERO Group's letter and press release had both asserted that it owned the Patents-in-Suit and attempted to enforce them, Securitize named tZERO Group as a defendant. D.I. 1. Because tZERO IP was named as the initial assignee on the face of the patents, Securitize also named tZERO IP. D.I. 1-1 at 2, 30. Based on the face of the patents, Securitize asserted that tZERO IP is the owner of the Patents-in-Suit but could only do so "on information and belief," especially given tZERO Group's assertions otherwise. D.I. 1 ¶¶ 20, 22. To date, there has been no discovery into the relationships between tZERO Group and tZERO IP or any other entity that may have rights or interests in the Patents-in-Suit.

On June 26, 2026, tZERO Group filed its motion to dismiss alleging that "only tZERO IP holds the right to assert infringement of the Asserted Patents and to recover any related damages."

3

D.I. 9 at 2. In response, counsel for Securitize wrote to counsel for tZERO Group, noting that tZERO Group had asserted that it owned the patents and had alleged infringement by Securitize. Ex. 3 at 2. Given tZERO Group's representation and to avoid an unnecessary dispute, Securitize proposed a stipulation whereby it would agree to dismiss tZERO Group without prejudice so long as tZERO Group agreed to be bound by any judgment in this case and would provide certain discovery. tZERO Group declined to agree to the stipulation as written, but offered to stipulate to dismissal without prejudice. Ex. 3 at 1-2. Setting aside tZERO Group's strawman demand in its motion that dismissal be *with* prejudice, which would be inappropriate for the reasons noted below, tZERO Group's proposal effectively asked Securitize to accede to tZERO Group's motion notwithstanding the lack of clarity it created and tZERO's own statements in the marketplace. Securitize thus respectfully declined.

## V.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is "context-specific" and "does not impose a probability requirement." *Id.* at 786-87 (citations omitted). At the motion-to-dismiss stage, "the [c]ourt assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678-79). "In deciding motions under Rule 12(b)(6), courts may consider 'document[s] *integral to or explicitly relied* upon in the complaint.'" *In re Asbestos Prods. Liab. Litig.*, 822 F.3d 125, 133 n.7 (3d Cir. 2016) (emphasis in original) (citation omitted).

A district court may grant declaratory relief under the Declaratory Judgment Act where "the facts alleged, under all the circumstances, show that there is a substantial controversy,

between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). Whether a substantial controversy exists for a court to exercise declaratory-judgment jurisdiction is determined by the "totality of the circumstances," not a bright-line rule. *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363-64 (Fed. Cir. 2009) (hereinafter, *Acceleron*).

## VI.   ARGUMENT

Securitize's Complaint alleges facts, taken together under all the circumstances, sufficient to establish declaratory judgment-jurisdiction over tZERO Group.

Conduct that can be reasonably inferred as demonstrating intent to enforce a patent creates declaratory judgment jurisdiction. *See Acceleron*, 587 F.3d at 1363. Here, the letter from counsel asserted that the firm represents "tZERO Group," which owns the Patents-in-Suit and demanded that Securitize cease and desist from willfully infringing them. Ex. 1 at 1-2. The letter then imposed a three-day deadline to respond, while reserving tZERO Group's rights to seek legal remedies. *Id.* at 2. In doing so, tZERO Group held itself out to be the owner of the Patents-in-Suit (or at least a party with exclusionary rights relating thereto) and demonstrated a clear intent to enforce them. Then, in its press release, tZERO Group provided an update on "its" patent enforcement activities, again asserting ownership of the Patents-in-Suit and disclosing its "cease and desist and reservation of rights letter to Securitize." Ex. 2 at 2. Courts regularly find that similar enforcement activity established declaratory judgment jurisdiction. *See Acceleron*, 587 F.3d at 1363-64 (holding that declaratory-judgment jurisdiction existed when the declaratory-judgment defendant sent a letter regarding its patent and imposed a short deadline for a response); *Draeger Medical Sys., Inc. v. My Health, Inc.*, 2016 WL 859282, at *2-4 (D. Del. 2016) (denying motion to dismiss where

5

defendant sent a letter to the declaratory-judgment plaintiff accusing it of infringement and offering to discuss a license).

After holding itself out as the owner of the Patents-in-Suit or with exclusionary rights relating thereto, and purporting to enforce them, tZERO Group now seeks to insulate itself from declaratory-judgment jurisdiction. D.I. 9 at 4. But "there is no bright-line rule for distinguishing those cases that satisfy the actual case-or-controversy requirement from those that do not." *Acceleron*, 587 F.3d at 1364 (citing *MedImmune*, 549 U.S. at 127). Instead, the Supreme Court, Federal Circuit, and this Court have looked at whether **all** the circumstances show a substantial controversy. *See MedImmune*, 549 U.S. at 127 ("the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy"); *Acceleron*, 587 F.3d at 1361 (similar); *Hewlett Packard Enter. Co. v. Intell. Ventures I LLC*, 2022 WL 17403485, at *5 (D. Del. Dec. 2, 2022) ("the Court [ha]s previously noted[,] and it emphasizes here again, [that] subject matter jurisdiction questions like this one have to be assessed on a case-by-case basis[,] taking into account all relevant facts") (alteration in original). Here, tZERO Group's actions in seeking to enforce the Patents-in-Suit clearly demonstrate a substantial controversy.

Securitize's pleading "on information and belief" that, contrary to tZERO Group's pre-suit assertions, tZERO IP actually owns the Patents-in-Suit does not change the analysis.[2] Until it conducts discovery, Securitize cannot know who actually owns the patents or the rights to assert

---

[2] Neither *Arris Group., Inc. v. British Telecommunications PLC* nor *Microsoft Corp. v. DataTern, Inc.* concerned the issue of whether a declaratory-judgment defendant owned the patent-in-suit at all. *Arris Grp.*, 639 F.3d 1368 (Fed. Cir. 2011); *Microsoft Corp.*, 755 F.3d 899 (Fed. Cir. 2014). As for *First Data Corp. v. Inselberg*, that case concerned an assignor that claimed the assignment was invalid, which was a state-law issue. 870 F.3d 1367, 1370-71 (Fed. Cir. 2017). The court dismissed the complaint because federal court was not the place to seek judicial intervention on that issue and noted that the principle it applied "is limited to cases, like this one, where the former owner of a patent has assigned away his interest to another party and therefore cannot bring suit under the patent." *Id.* at 1374.

6

them or who controls their assertion. In any event, if tZERO IP is the sole owner, that is simply another reason why tZERO Group must be enjoined from seeking to enforce them.

This is especially so because tZERO Group declined Securitize's proposed stipulation dismissing tZERO Group because it would not agree to be bound by any judgment in this action. tZERO Group thus wants to publicly hold itself out as the owner and enforcer of the Patents-in-Suit while evading this Court's jurisdiction. This shows exactly why a case or controversy exists. Beginning with tZERO Group's own public and private statements, there is a lack of clarity as to the ownership of the Patents-in-Suit or the delineation between tZERO Group and tZERO IP of rights to exclude relating thereto that is compounded by tZERO Group's own public statements. Without tZERO Group as a party, Securitize cannot clarify its rights and will continue to be subject to baseless infringement accusations. Securitize must therefore conduct discovery into tZERO Group's interests in the Patents-in-Suit and enjoin tZERO Group's baseless attempts at enforcement if it indeed has no such rights.

Finally, if the Court grants the instant motion, tZERO Group must be dismissed without prejudice. *New Jersey Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (finding that a "dismissal for lack of subject matter jurisdiction was by definition without prejudice"). Any such dismissal would not be an adjudication on the merits and Securitize must be permitted to refile based on any further information concerning tZERO Group's interest in the Patents-in-Suit or its continued attempts to enforce them. !

## VII.    CONCLUSION

For the foregoing reasons, tZERO Group's motion to dismiss should be denied. Should the motion be granted, tZERO Group should be dismissed without prejudice.

7

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

_____
Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff/Counterclaim-
Defendant Securitize, Inc.*

OF COUNSEL:

David J. Lisson
Micah G. Block
Thomas C. Horn
Natalie J. Stoecklein
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, CA 94063
(650) 752-2000

Zhikun (David) Jiang
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000

July 17, 2026

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 17, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III<br>Christine D. Haynes<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 N. King Street<br>Wilmington, DE 19801<br>*Attorneys for Defendants tZERO Group, Inc.*<br>*and tZERO IP, LLC* | *VIA ELECTRONIC MAIL* |
| Kirk R. Harris<br>MASCHOFF BRENNAN<br>1389 Center Drive, Suite 300<br>Park City, UT 80098<br>*Attorneys for Defendants tZERO Group, Inc.*<br>*and tZERO IP, LLC* | *VIA ELECTRONIC MAIL* |
| Erynn Embree<br>MASCHOFF BRENNAN<br>100 Spectrum Center Dr., Suite 1200<br>Irvine, CA 92618<br>*Attorneys for Defendants tZERO Group, Inc.*<br>*and tZERO IP, LLC* | *VIA ELECTRONIC MAIL* |

/s/ *Anthony D. Raucci*

_____
Anthony D. Raucci (#5948)